## Nichols *vs.* McDowell.

### ERROR TO BOYLE CIRCUIT.

1. Forbearance, whether in consequence of mere passiveness or a void promise of the debtor, does not interfere with any right of a surety, and will not operate to exonerate him, though given without his knowledge or assent. (1 *B. Monroe,* 285; *Ib.* 322.)
2. To exonerate a surety under the act of 1828, (1 *Stat. Law,* 1442,) sixty days notice in writing is required to be given by the surety to the creditor. It is still necessary. (See also *Rev. Stat.* 656.)

Judge SIMPSON delivered the opinion of the court.

McDowell brought this action against Southern and Nichols on a note executed by them for one hundred and ninety seven dollars fifty cents, due on the 14th day of March, 1851.

Nichols filed an answer in which he alleged that he was only the security of his co-obligor, Southern, in the note sued on, which fact was well known to the plaintiff. That on or about the first day of January, 1852, he notified the plaintiff that he was unwilling to stand bound as security for Southern any

longer, and required him to sue for and collect the debt. That there was ample time between this and the next February term of the circuit court, to have obtained a judgment at law upon the note, but the plaintiff, although required to do so, failed to institute a suit. He further averred that at the time he notified plaintiff, as aforesaid, that Southern had an abundance of estate, out of which to collect and make the note, and if the plaintiff had obtained a judgment on the note at the February term of the court, it could have been collected by execution out of Southern's estate; but that plaintiff, without his knowledge or consent, indulged Southern on said note until he became entirely insolvent, whereby he, Nichols, would have the the debt to pay and would lose the whole amount thereof. This action was commenced in June, 1852.

Nichols' answer was adjudged bad on demurrer, and its sufficiency is the only question presented for our consideration.

The settled doctrine of this court is that simple forbearance by a creditor, whether from mere passiveness or in consequence of a void promise, does not interfere with any of the rights of a surety, and will not operate to exonerate him, although the indulgence may be given without his knowledge or assent. *Brinager's admr. v. Philips*, (1 *B. Monroe*, 285,) *Tuder v. Goodloe*, (1 *B. Monroe*, 322.) This doctrine results from the common law principle, that all the obligors in the note, so far as the creditor is concerned, are equally liable, and it is the duty of each of them to pay the debt punctually. There is no implied agreement that the obligee will look to the principal in the first instance, or coerce the collection of the debt promptly. It is the surety's duty to the creditor to pay the debt when it becomes due, and by doing so, he will be enabled to proceed forthwith against the principal obligor.

If he has an equitable right to require the creditor to sue and coerce the debt out of the principal, the

1. Forbearance, whether in consequence of mere passiveness or a void promise of the debtor, does not interfere with any right of a surety, and will not operate to exonerate him, though given without his knowledge or assent—(1 Ben. Monroe, 285; Ib. 322.)

2. To exonerate a surety,

extent of that right, and the manner in which he can avail himself of it, have been defined and prescribed by statute, and he cannot avail himself of it in any other mode. By the act of 1828, (3 *Stat. Law*, 1442,) sixty days notice in writing was required, and it was therein expressly provided that the notice should not be deemed sufficient for the exoneration of the surety, unless it was in writing. The Revised Statutes, (page 656,) still require the notice to be in writing, but the creditor must sue to the next term, after the service of the notice, at which he can obtain judgment.

This action was brought before the Revised Statutes took effect, and must be governed by the previous law. But the answer is defective under either law in failing to allege that the notice was in writing; and it is moreover defective under the statute of 1828, because it does not aver that the creditor was required to commence an action within sixty days.

Wherefore, the judgment of the circuit court is affirmed.

BELL and FOX for plaintiff; B. and J. MONROE for defendant.